IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER C. TALLEY,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br><br>    Defendant.<br>_____/ | No. C 08-4529 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL; SETTING BRIEFING SCHEDULE** |

Plaintiff has filed a motion to compel production of the complete administrative transcript. (Docket No. 18). Plaintiff contends that the administrative transcript that has been filed at Docket No. 14 is incomplete because it does not include documents related to a previous SSI application and the Agency's termination of SSI benefits in July 2001 after the Agency learned plaintiff was incarcerated. Plaintiff asserts that these documents are relevant to "determine whether the Agency has failed to rebut Plaintiff's presumption of continuing disability." Motion at 6.

Defendant opposes the motion on numerous grounds. As an initial matter, defendant notes that plaintiff's complaint does not challenge the July 2001 termination of benefits, but rather the ALJ's November 30, 2007 denial of plaintiff's March 22, 2005 application for SSI benefits. The July 2001 termination of benefits was not raised or addressed in the November 30, 2007 decision, and plaintiff does not assert otherwise. Accordingly, the July 2001 termination of benefits is not properly presented for judicial review. *See* 20 C.F.R. § 416.1400(a); *Califano v. Sanders*, 420 U.S. 99, 102 (1977). In addition, the documents related to the July 2001 termination of benefits are not relevant to a "presumption of continuing disability" because plaintiff's March 2005 application came more than three years after the July 2001 termination. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1172 (9th Cir.

2008) ("While the regulations provide for the resumption of suspended benefits upon an otherwise eligible recipient's release from custody, *see* 20 C.F.R. § 416.1325(b), they provide for no such reinstatement where a recipient's eligibility has been terminated after 12 consecutive months of suspension. Accordingly, there is no basis for applying a presumption of continuing disability where, as here, a claimant's reapplication comes at least 6 years after a termination of benefits and more than 15 years after her previously successful application.").

Accordingly, the Court DENIES plaintiff's motion to compel. (Docket No. 18). Plaintiff is directed to serve and file a motion for summary judgment or for remand no later than **June 8, 2009**. Defendant shall serve and file any opposition or cross-motion for summary judgment within 30 days of service of plaintiff's motion. Plaintiff may serve and file a reply within 14 days of service of defendant's opposition or cross-motion.

**IT IS SO ORDERED.**

Dated: May 22, 2009

SUSAN ILLSTON
United States District Judge