United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER C. TALLEY,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br><br>    Defendant.<br>                                                  / | No. C 08-4529 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND AND ORDER TO SHOW CAUSE WHY ATTORNEY IAN SAMMIS SHOULD NOT BE REFERRED TO N.D. CAL. STANDING COMMITTEE ON PROFESSIONAL CONDUCT** |

      On May 22, 2009, the Court denied plaintiff's motion to compel production of additional evidence he contended was omitted from the administrative record, and set a briefing schedule for motions for summary judgment in this Social Security appeal. On June 8, 2009, the day plaintiff's motion for summary judgment was due, plaintiff did not file a summary judgment motion and instead filed a "motion to alter or amend" the May 22, 2009 order pursuant to Federal Rule of Civil Procedure 59(e). Plaintiff asserts that the May 22, 2009 order contained "manifest errors of law by the Court affirming the ALJ decision,"[1] and requests that the Court order defendant to produce additional evidence. Motion at 2:23. Defendant opposes the motion and also requests that the Court refer plaintiff's attorney, Mr. Ian Sammis, to the Court's Standing Committee on Professional Conduct, based upon Mr. Sammis' improper use of Rule 59(e). Plaintiff did not file a reply.

      The Court DENIES plaintiff's Rule 59(e) motion. (Docket No. 22). For all of the reasons set forth in the May 22, 2009 order, plaintiff is not entitled to the discovery that he seeks. In addition,

---

[1] Plaintiff does not explain what he means by this argument, and in fact, the Court has not ruled on the merits of plaintiff's case or in any way evaluated the ALJ's decision.

plaintiff's motion is both procedurally incorrect[2] and substantively flawed because plaintiff does not advance any legal argument about *why* the May 22, 2009 order is incorrect.

**The Court also ORDERS MR. SAMMIS TO SHOW CAUSE in writing no later than July 10, 2009 why he should not be referred to the Standing Committee on Professional Conduct**. In an order filed February 5, 2009, in *Garfield v. Astrue*, C 03-4214 VRW, Judge Walker admonished Mr. Sammis for his "practice of routinely misusing FRCP 59(e) – a practice which wastes court resources and, as the chart above demonstrates, has yielded no identifiable benefit to Sammis' clients." Docket No. 77 in C 03-4214, attached to Defendant's Opposition to Plaintiff's Rule 59(e) motion. In that order, Judge Walker outlined a non-exhaustive chart of 18 Social Security cases in which Mr. Sammis had filed such motions, and Judge Walker informed Mr. Sammis that "further misuse of FRCP 59(e) and/or FRCP 60(b) in this manner will result in a referral to the court's Standing Committee on Professional Conduct under Local Rule 11-6." Plaintiff's June 8, 2009 Rule 59(e) motion is precisely the type of motion Mr. Sammis was admonished not to file.

In addition, plaintiff is directed to serve and file a motion for summary judgment or for remand no later than **July 13, 2009**. Defendant shall serve and file any opposition or cross-motion for summary judgment within 30 days of service of plaintiff's motion. Plaintiff may serve and file a reply within 14 days of service of defendant's opposition or cross-motion.

**IT IS SO ORDERED.**

Dated: June 24, 2009

SUSAN ILLSTON
United States District Judge

---

[2] Rule 59(e) provides a mechanism for moving to alter or amend a judgment. *See* Fed. R. Civ. Proc. 59(e). A party wishing to seek reconsideration of order prior to entry of judgment may file a motion for leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9. Even if the Court evaluated plaintiff's motion under Civil Local Rule 7-9, the motion would be defective because plaintiff has not shown that a "material difference in fact or law exists from that which was presented to the Court," "the emergence of new material facts or a change of law," or "a manifest failure by the Court to consider material facts or dispositive legal arguments . . . ." Civ. Local Rule 7-9(b)(1)-(3).

2