IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER C. TALLEY, | No. C 08-4529 SI |
| Plaintiff, | **ORDER REMANDING CASE TO SOCIAL SECURITY AGENCY FOR FURTHER PROCEEDINGS** |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | |
| Defendant. / | |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g). Plaintiff appeals a final decision by the Commissioner of Social Security denying plaintiff Social Security benefits. Presently before the Court is plaintiff's motion for remand, defendant's motion for summary judgment, and plaintiff's motion to amend the complaint. Having considered the parties' papers and the administrative record, the Court hereby GRANTS in part plaintiff's motion to remand, DENIES defendant's motion for summary judgment, and DENIES plaintiff's motion to amend the complaint.

**BACKGROUND**

Plaintiff Peter Talley began receiving supplemental security income ("SSI") in July 1999 when an Administrative Law Judge ("ALJ") determined that, based on all of plaintiff's impairments, including his severe asthma, he was disabled as defined by the Social Security Act. Administrative Record ("AR") at 37-41. Plaintiff was subsequently incarcerated and on July 1, 2001, pursuant to 20 C.F.R. §

416.211, his SSI benefits were terminated.[1]

On March 22, 2005, following his release from prison, plaintiff again applied for SSI based on the disability of "Asthma/damaged lungs, Hepatitis C," with an alleged onset date of May 1, 2000. AR at 76-83, 86-88, 95. Initially and upon reconsideration, the Social Security Agency found that plaintiff was not disabled and denied his application for SSI benefits. AR at 71, 63. Plaintiff requested a hearing by an ALJ, and on September 6, 2007, an ALJ heard testimony from plaintiff and from a vocational expert, Diana L. Wong, relating to the plaintiff's purported capacity to transition to other work. The ALJ found plaintiff "capable of making a successful adjustment to other work" and held that plaintiff was not disabled as defined in section 1614(a)(3)(A) of the Social Security Act. AR at 20-31. Plaintiff's request for review was denied and the ALJ's decision became final on July 29, 2008. AR at 5. Plaintiff filed a complaint in this Court seeking review of the ALJ's decision. Plaintiff requests this Court to make a summary determination that plaintiff is disabled and entitled to SSI benefits, and remand for an immediate payment of benefits. Defendant contends that the ALJ's decision is free of legal error and supported by substantial evidence, and has moved for summary judgment.

## LEGAL STANDARD

### I.     Disability determination

Under the Social Security Act, an individual is deemed "disabled" "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). In making a disability evaluation, an Administrative Law Judge is to use the five-step sequential evaluation process as established by the Social Security Administration. 20 C.F.R. § 416.920(a)(4) (2003). If a finding of disabled or not disabled can be made at any step of the process, the ALJ will not proceed to the next step. *Id.* "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1222 (9th Cir. 2009). In the first two steps of the evaluation,

---

[1] 20 C.F.R. § 416.211 provides that a person is not eligible for SSI benefits for any month during which he or she is a resident of certain public institutions, including prisons.

the claimant must establish that he or she (1) is not performing substantial gainful activity ("SGA") and (2) is under a "severe" impairment. 20 C.F.R. § 416.920(a)(4)(i)-(ii). An impairment must have lasted or be expected to last twelve months in order to be considered severe. *Id.* § 416.909. In the third step, the claimant must establish that his or her impairment meets or medically equals a listed impairment described in the administrative regulations. *Id.* § 416.920(a)(4)(iii). If the claimant's impairment does not meet or equal one of the listed impairments, before proceeding to the fourth step, the ALJ is to make a residual functional capacity ("RFC") determination based on all the evidence in the record; this determination is used to evaluate the claimant's work capacity for steps four and five. *Id.* § 416.920(e). In step four, the claimant must establish that his impairment prevents him from performing relevant work he did in the past. *Id.* § 416.920(a)(4)(iv). In the fifth step, the Commissioner must demonstrate that the claimant is able to do other work, and that there are a significant number of jobs in the national economy that claimant can do. *Id.* §§ 416.920(a)(4)(v), (g); 416.960©). In making this step-five determination the ALJ "may rely on the decisional grids listed at 20 C.F.R. Part 404, Subpart P, Appendix 2, or alternatively, the ALJ can present a hypothetical question that describes the claimant's limitations to a V[ocational] E[xpert]." *Bray*, 554 F.3d at 1223 n.4.

## II.  Standard of review

A district court's review of a disability determination is limited, and a final administrative decision may be altered "only if it is based on legal error or if the fact findings are not supported by substantial evidence." *Sprague v. Bowen*, 812 F.2d 1226, 1229 (9th Cir. 1987). Substantial evidence is that relevant evidence in the entire record "which a reasonable person might accept as adequate to support a conclusion." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). Substantial evidence consists of "more than a mere scintilla but less than a preponderance." *Young v. Sullivan*, 911 F.2d 181, 183 (9th Cir. 1990). The Court must consider the entire record, including evidence that both supports and detracts from the ALJ's decision. *See Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). However, the ALJ's decision must be upheld if the evidence is susceptible to more than one rational interpretation. *Allen v. Secretary of Health and Human Servs.,* 726 F.2d 1470, 1473 (9th Cir. 1984).

**DISCUSSION**

3

The ALJ utilized the five-step sequential evaluation process to determine plaintiff's disability status. In step one, he found plaintiff did not have any substantial gainful activity. In step two the ALJ determined that plaintiff had severe impairments of asthma, plantar fascitis, secondary to foot slap and neck and low back pain that result in a "more than minimal limitation in the claimant's ability to perform basic work activities." AR at 23. The ALJ additionally considered the non-severe impairments of plaintiff's allergy to wool and alcohol abuse. *Id.* The ALJ determined, however, that none of the severe impairments met the listed impairments to find a disability under step three. The ALJ concluded that plaintiff was able to lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 6 hours in an 8 hour workday, sit for 6 hours in an 8 hour workday and had to avoid even moderate exposure to fumes, gas, dust, poor ventilation and extreme heat and cold. Because plaintiff has little work history, the ALJ determined he could not be classified as disabled under step four. At step five, the ALJ determined that plaintiff was not disabled because he could transition to other work. The ALJ made this finding based on a hypothetical RFC posed to the VE during plaintiff's hearing. The VE identified a silverware wrapper in the hotel and restaurant industry as the only job available to someone with the plaintiff's functional capacity. AR at 501-02.

Plaintiff raises three challenges to the ALJ's decision. First, plaintiff contends that the ALJ failed to give proper weight to treating physician Dr. Steever's notes and opinions as is required under Social Security Ruling ("SSR") 96-2p, 1996 SSR LEXIS 9 (Policy Interpretation Ruling Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions).[2] Second, plaintiff contends that the ALJ's RFC finding is not supported by the weight of the medical evidence. Finally, plaintiff argues that the ALJ improperly concluded that plaintiff's testimony was "not entirely credible."

**I.      Treating physician Dr. Steever's diagnosis**

Dr. Steever was plaintiff's treating physician while he was incarcerated in the California State Prison in Vacaville. Plaintiff contends that the ALJ erred in failing to give the proper weight to Dr.

---

[2] "SSRs according to the governing regulations, 'are binding on all components of the Social Security Administration' and 'represent precedent final opinions and orders and statements of policy and interpretations' of the SSA." *Bray*, 554 F.3d at 1224 (quoting 20 C.F.R. § 402.35(b)(1)). While SSRs do not carry the force of law, they are still binding on the ALJ. *Id.*

4

Steever's December 14, 2004 functional capacity evaluation. AR at 125. In that evaluation, Dr. Steever stated:

> In the main, [plaintiff] has no gross restriction of his physical capacities; however, his lung problems may present and then he would be disabled for weeks at a time and they [sic] may have a period when he is fairly asymptomatic. I think the only classification we can give is that he is capable of normal sedentary type activities, but may require lay-ins when his asthma becomes severe. . . . This should remain in effect for one year through December 13, 2005.

*Id*.

Aside from including Dr. Steever's evaluation in a chronological summary of the plaintiff's medical history, the ALJ's opinion does not discuss Dr. Steever's evaluation. The ALJ stated:

> No treating source has, since the protective filing date of March 22, 2005, described claimant as disabled.
>
> I credit the state agency RFC assessment at Exhibit B5F [AR at 434-40][3] because it is supported by the medical evidence.
>
> . . .
>
> No physician has indicated that claimant was disabled since the improvement in his condition in 2004 (Exhibit B1F/2-19). Claimant's chest x-ray of March 7, 2006 was interpreted as normal (Exhibit B7F/5). In progress notes dated April 24, 2006, claimant reported that he was feeling "good" and "great," and the physical exam finds only a slight wheeze.

AR at 28-29. The state agency RFC credited by the ALJ stated that plaintiff was capable of "light work," and that he could lift 20 pounds occasionally, 10 pounds frequently, stand and/or walk 6 hours in an 8 hour work day and sit for 6 hours in an 8 hour work day.[4] AR at 434-40. While Dr. Steever did not specifically evaluate plaintiff's ability to lift, stand, walk and sit, he did state that plaintiff should be limited to "normal sedentary type activities," which would appear to conflict with the state RFC assessment.

---

[3] It appears the record is incomplete as to this exhibit as page AR 441 is missing. The initial page of Exhibit B5F states it has 8 pages, however, the Court only has pages 1 through 7.

[4] Sedentary status is defined in the regulations as "lifting no more than 10 pounds at a time and occasionally lifting or carrying [lighter] articles." 20 C.F.R. § 416.967(a). "Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.* The distinction between light work and sedentary is of particular importance to plaintiff. The VE identified one job – silverware wrapper in the hotel and restaurants industry – that someone with plaintiff's background, environmental restrictions, and light work restrictions could perform. AR at 501-02. In contrast, when given a sedentary RFC, the VE opined "[t]hat would preclude all work." *Id*. at 503.

An adjudicator is required to give controlling weight to a "treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) [if the opinion] is well supported by medically acceptable clinical and laboratory diagnostic techniques and [when it] is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 416.927(d)(2); *see also* SSR 96-2p (interpreting the regulation). Even where the treating source opinion is not entitled to controlling weight, however, the ALJ is required to give the opinion deference and must weigh the factors set forth in 20 C.F.R. § 416.927(d)(2), including "[l]ength of treatment relationship and frequency of examination," and the "[n]ature and extent of the treatment relationship." 20 C.F.R. § 416.927(d)(2)(I), (ii); *see also Orn v. Astrue*, 495 F.3d 625, 631-23 (9th Cir. 2007) (remanding case where ALJ failed to give reasons for disregarding opinions of treating physicians). If there is evidence from another doctor that contradicts the treating source opinion, the ALJ is required to offer "specific and legitimate reasons" for discounting the treating doctor's opinion. *Bray*, 554 F.3d at 1228 n.8 (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). When a physician's opinion is not contradicted, the ALJ is still permitted to disregard the opinion, *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1194-95 (9th Cir. 2004), as for example, when "that opinion is brief, conclusory, and inadequately supported by clinical findings," *Bray*, 554 F.3d at 1228. Even then, however, "the ALJ [is still required to] set forth 'clear and convincing' reasons for disbelieving the treating physician." *Bray*, 554 F.3d at 1228 n.8 (quoting *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002)); *see also* SSR 96-2p 1996 SSR LEXIS 9 at *12 (explaining that an adjudicator's opinion denying claimant social security benefits "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

Defendant argues that Dr. Steever's assessment was of little value because it was made prior to plaintiff's March 22, 2005 application date. Defendant argues that Dr. Steever's opinion could not establish the requisite 12 month duration required under 42 U.S.C. § 423(d)(1)(A) because plaintiff applied for SSI on March 22, 2005, and the opinion, at most, only provided for a disability diagnosis through the subsequent nine months. Defendant appears to be arguing that an individual can only be found disabled if he is disabled for 12 consecutive months after the date of the application. However, the regulations cited by defendant only provide that SSI benefits are not *payable* for months prior to the

6

application date, 20 C.F.R. § 416.335, or for months in which the plaintiff was incarcerated. *Id*. § 416.211. These regulations make no mention of the duration requirement. The plain language of the statute states that an individual is disabled when the impairment "has lasted or can be expected to last for a continuous period of not less than 12 months," and there is no language requiring that this 12 month period occur only after the application date. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.912. Indeed, the SSR interpreting the duration requirement explains:

> [w]hen the application is being adjudicated (or a hearing decision is being issued) before the impairment has lasted 12 months, the nature of the impairment, the therapeutic history, and the prescribed treatment will serve as the basis for determining whether the impairment is expected to result in death or will continue to prevent the individual from engaging in any SGA (or any gainful activity) for the *additional number of months needed to make up the required 12 months duration (e.g., 7 months for the claim being adjudicated in the 5th month, etc.).*

SSR 82-52, 1982 SSR LEXIS 19 at *6 (emphasis added).[5]

Where, as here, the treating doctor's opinion (Dr. Steever's sedentary evaluation) is contradicted by another doctor (the state agency's light work determination), the ALJ must give "specific and legitimate reasons" supported by substantial evidence for discounting the treating physician's opinion. The ALJ may do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings . . . the ALJ must do more than offer his conclusions." *Orn*, 495 F.3d at 632 (citations omitted). The ALJ's decision does not comply with this requirement. The ALJ decision's also does not explain the weight he gave to plaintiff's other treating source opinions.

Plaintiff asks this Court to remand the case with instructions to treat Dr. Steever's opinion as true. The Ninth Circuit has held that where the record is developed such that further proceedings are not necessary to find a plaintiff is entitled to benefits, a court may order the Commissioner to "credit-as-true" a treating source opinion and remand solely for payment of benefits. *See Varney v. Sec'y of Health and Human Services (Varney II)*, 859 F.2d 1396, 1400 (9th Cir. 1988). However, while no specific reasons were given for discrediting Dr. Steever's opinion, it is not clear that if his opinion were credited

---

[5] Moreover, even assuming plaintiff needed to establish that he was disabled for 12 consecutive months after the application date, that still would not permit the ALJ to completely ignore Dr. Steever's evaluation because that evaluation extended to December 2005, nine months after plaintiff applied for SSI.

7

as true, plaintiff would be entitled to benefits. Opinions from other treating sources also may be relevant to a disability determination and the evaluation of what weight to give each of these opinions must be determined in accordance with 20 C.F.R. § 416.927(d)(2). Accordingly, the Court does not instruct the Commissioner to credit Dr. Steever's opinion as true. On remand, the ALJ must specifically address Dr. Steever's evaluations, as well as the other medical evidence, and explain the weight he gives to this evidence, as well as any reasons for discounting any medical opinions.

## II.     RFC assessment

The ALJ's evaluation of a claimant's RFC is upheld so long as it is supported by substantial evidence and the decision is a rational interpretation of the record evidence. *Bray*, 572 F.3d at 591. In making his RFC assessment, the ALJ explained that he relied on the state agency's physical RFC assessment found at Exhibit B5F (AR 434-40). This is the only place in the record that indicates that plaintiff can lift 20 pounds occasionally, 10 pounds frequently, stand and/or walk 6 hours in an 8 hour work day and sit for 6 hours in an 8 hour work day. AR at 435.

The ALJ stated that his reliance on Exhibit B5F was proper as it is "supported by the medical evidence." AR at 28. However, the ALJ did not explain how the RFC stated in Exhibit B5F is supported by the medical evidence, and there is no way to determine from the face of that exhibit how the RFC is supported by the medical evidence. Exhibit B5F is a standardized form used by the Social Security Administration to assess a claimant's physical residual functional capacity, and the form contains a series checked boxes. Although the instructions on the first page of the form instruct the person completing it to "[d]escribe how the **evidence substantiates your conclusions**," AR at 434 (emphasis in original), Exhibit B5F contains no such description. Moreover, at the end of each section A-F, the form instructs the evaluator to explain the findings and "[c]ite the specific facts upon which your conclusions are based." AR at 435-38. There are no facts or evidence cited on the form to substantiate the conclusions; these sections are entirely blank. Additionally, the last two pages of the form, which would explain whether the examiner considered plaintiff's treating source medical

8

**United States District Court**
For the Northern District of California

1 opinions, are completely blank. AR at 439-40.[6]

2 Defendant argues that the ALJ, in fact, was relying on Exhibit B6F (AR at 442-45), in addition to B5F. Exhibit B6F consists of two consultation requests, and they may be related to the state agency's RFC assessment. However, even assuming that the ALJ relied on these documents (though he did not state so in his opinion), nothing in these documents establishes the specific lifting, standing, walking and sitting restrictions set forth in Exhibit B5F.[7] In fact, the evaluations contained in Exhibit B6F appear in some respects to be inconsistent with the RFC finding. For example, in the RFC, under exertional limitations, section A, question 5, the evaluator indicated plaintiff had an unlimited ability to "[p]ush and/or pull (including operation of hand and/or foot controls)." AR at 435. Yet the September 21, 2005 consultation request, under the heading medical history and objective findings, states: "tingling and weakness in the right arm and leg. PE on admission revealed decreased strength on the right hand and right foot with dorsiflexion. [A]lso has decreased hand grip strength." AR at 443. Thus, if this exhibit were in fact support for the RFC, the evaluator failed to explain how he or she reached the conclusion that plaintiff had unlimited abilities to operate hand controls. After evaluating the administrative record as a whole, the Court finds the ALJ's RFC is not supported by substantial

---

[6] As stated in footnote 3, *supra*, this exhibit is missing the final page of the form, which presumably would include the signature of the person who completed the form.

[7] Defendant also argues that Dr. Haveliwala "reviewed the record evidence and opined that Plaintiff could perform a range of light work that accommodated his breathing problems with environmental limitations against exposure to irritants such as fumes, dusts and gases (TR. 28, 434-43)." Def's Mot. at 4:19-23. First, there is no evidence that Exhibit B5F (AR at 434-40) was completed by Dr. Haveliwala. The only place in the record Dr. Haveliwala's name appears is on page 443 in a September 21, 2005 consultation request. That document states: "9-20-05 Agree to affirm prior PRFC of 6/7/05. Thanks. H.K.Haveliwala, M.D./19." The record, however, does not contain the 6/7/05 PRFC, and the Court cannot determine what that PRFC stated or whether that PRFC was based on substantial evidence.

The Court notes that there is a June 7, 2005 consultation request in the record. However, under the section titled "[r]ecommendations, conclusions and subsequent notes" it states: "Sed rfc w. environmental precautions. Will defer to the Physical MC." The only support for defendant's claim is under the section "EOD, when applicable" where it cryptically states: "6/7 rfc attached asthma 03/4930 the evbidmnce shbws [sic] the clt has decreased pfts and mod sever asthma allergies as mwell [sic] on inhalers light with envir restrictions sbauisyemd." AR at 445.

9

evidence.[8]

### III.     Credibility determination

In evaluating plaintiff's credibility, the ALJ found that plaintiff's impairments could reasonably be expected to produce pain and other alleged symptoms. However, he found that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely credible." AR at 28. The ALJ stated that plaintiff's subjective complaints were not supported by the objective findings, and that plaintiff's testimony was inconsistent in several respects.

"An ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Orn*, 495 F.3d at 638. In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ must first find whether the claimant's condition could reasonably be expected to produce the pain or other symptoms alleged. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Then, if there is "no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity the symptoms if [he or] she gives 'specific, clear and convincing reasons' for the rejection." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (as amended).

Here, the ALJ did not assert that plaintiff was malingering and was thus required to provide clear and convincing reasons for discrediting plaintiff's subjective complaints. The opinion gives several reasons for the ALJ's determination that plaintiff's testimony was not entirely credible. As the Social Security Regulations state, "[o]ne strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record. . . . [and e]specially important are statements made to treating or examining medical sources." SSR 96-7p, 1996 SSR LEXIS

---

[8] Plaintiff also asserts that the ALJ erred by discounting his testimony that he has limited use of his right extremity. However, at the time of the hearing, plaintiff stated that he had not had x-rays or an MRI done, and when the ALJ asked if plaintiff would like a consultative examination, plaintiff's counsel declined. AR at 494, 504-05. Instead, plaintiff agreed to have his shoulder and arm independently evaluated and agreed to submit the results within 30 days. *Id.* at 505-07. Plaintiff did not submit such evidence and the record was closed. As described in SSR 96-7p, "no symptom or combination of symptoms can be the basis for a finding of disability . . . unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical [] impairment(s) that could reasonably be expected to produce the symptoms." Thus, without objective support, the ALJ was restricted in his ability to credit plaintiff's testimony on this point.

10

4 at *5. The ALJ noted inconsistencies both with plaintiff's internal testimony as well as with plaintiff's statements to medical sources. First, the ALJ explained:

> [c]laimant testified that since his release from prison, about one month before the hearing,[9] he had spent 20 days flat on his back for the whole day. He later testified that each day, since being released from prison, he takes a bus ride from San Anselmo, California to Novato, California, approximately 13 miles, to retrieve his belongings, which he stores in the trunk of a friend's car. When necessary in his bus journeys, he is able to transfer between bus routes. He testified that he also visits the public library each day.

AR at 29. An ALJ may consider daily activities in making a credibility determination where the activities contradict the claimant's testimony. *See Fair*, 885 F.2d at 603. The ALJ additionally cited the contradictory statements plaintiff made to medical sources, including his comments on April 24, 2006 that he was feeling "good" and "great," AR at 29, and his July 23, 2005 statement that "he is in good health, drinks rarely, is employed in construction, [and] generally active without limitation or disability." AR at 28, 414.

The Court finds that the above-stated facts support the ALJ's determination that plaintiff was "not entirely credible." Because the Court finds the decision was not arbitrary it "may not engage in second-guessing" of the ALJ's credibility finding. *See Tommasetti v. Astrue*, 533 F.3d 1035 (9th Cir. 2008) (citation omitted).[10]

### IV. Other pending matters

Shortly before filing the motion to remand, plaintiff filed a motion to amend his complaint. (Doc. No. 26). Although somewhat unclear, it appears that plaintiff seeks to add claims alleging (1) that his due process rights were violated when he did not receive notice of the procedure for reinstating his SSI benefits when they were terminated in 2001; (2) that the ALJ should have given his earlier, pre-

---

[9] Plaintiff was reimprisoned twice in 2007 on parole violations. Although the record is less than clear on the exact dates, plaintiff indicates he was in jail from sometime in January through May 19, 2007, and was again imprisoned about 20-30 days later through late August 2007. AR at 480-81.

[10] Because the Court finds the ALJ's explanation adequate it does not consider whether the normal x-ray from March 7, 2006 or evidence of plaintiff's noncompliance with prescribed medical treatment offered further support. The Court is doubtful about the clear and convincing nature of these explanations, particularly since the ALJ appears to have drawn inferences about claimant's failure to obtain medicine without first considering his explanations as is required under SSR 96-7p.

11

incarceration disability finding preclusive effect; and (3) that the administrative transcript is incomplete as it does not include the medical records evaluated when he was previously found disabled.

None of these proposed claims has merit. Plaintiff cannot allege that his due process rights were violated when the agency failed to gave him notice of the procedure for reinstating his benefits because plaintiff applied for SSI as soon as he was released from prison. Even if plaintiff did not receive the notice required, he cannot show any harm as a result of the inadequate notice.

Plaintiff's second proposed amendment regarding the preclusive effect of the earlier disability finding is foreclosed by *Stubbs-Danielson v. Astrue,* 539 F.3d 1169, 1173 (9th Cir. 2008).

Third, to the extent plaintiff claims that the administrative record must be expanded in order to adjudicate the current case, this argument lack merit. Plaintiff's challenges to the ALJ's decision did not require the Court to examine documents from plaintiff's earlier disability case. The Court also notes that at the time of the hearing, plaintiff's counsel did not raise any objection to the evidence nor did he ask the ALJ to consider any additional documents. AR at 478. The regulations only require the agency to develop a plaintiff's medical history for the 12 months preceding the March 22, 2005 file date, unless plaintiff provides "a reason to believe that development of an earlier period is necessary." 20 C.F.R. § 416.912 (d). To the extent that plaintiff's long medical history is relevant to his present condition, and to the issue of whether his condition is improving or getting worse, plaintiff may raise these matters on remand.

The final pending matter relates to plaintiff's counsel's response to the Court's June 24, 2009 Order to Show Cause. While the Court is far from satisfied with counsel's explanation for the improper filing of his Rule 59(e) motion in this case, the Court declines to refer Mr. Sammis to the Court's Standing Committee on Professional Conduct. However, for all of the reasons stated in Judge Walker's February 5, 2009 order in *Garfield v. Astrue*, C 03-2414 VW, counsel should refrain from improperly filing motions pursuant to Rule 59(e).

**CONCLUSION**

For the reasons stated above, the Court finds that the ALJ's opinion was not based on substantial evidence. Because this Court cannot make a disability determination from the record evidence, the case

12

is REMANDED for further proceedings consistent with this opinion. Accordingly the Court GRANTS in part plaintiff's motion for remand and DENIES defendant's motion for summary judgment. The Court DENIES plaintiff's motion to amend the complaint. (Docket Nos. 26, 29 & 30).

**IT IS SO ORDERED.**

Dated: March 24, 2010

SUSAN ILLSTON
United States District Judge